UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:14-cv-02554-SVW-SPx | Date | March 23, 2015 |
|---|---|---|---|
| Title | *Ashley Paredes v. The University of Phoenix, et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER DISMISSING THE FIRST AMENDED COMPLAINT [16]

Ashley Paredes sued the University of Phoenix and its parent corporation Apollo Education Group on a theory of fraudulent misrepresentation and nondisclosure. Her claims center on a meeting she had with a University of Phoenix admissions officer. During that meeting, Paredes alleges that the admissions counselor lied to her, promising Paredes that she could carry her completed units with her if she transferred to a state university, she could the credit those units toward the state licensing exam's prerequisites, and she would obtain a job in the psychology field upon graduation. Paredes also complains that the admissions counselor failed to tell her about the extent of loans she would incur, the interest attendant to those loans, and the percentage of University of Phoenix students who default on their loans.

The entire complaint must be dismissed for failure to meet Federal Rules of Civil Procedure's heightened pleading requirement: Paredes did not allege how she knew the University of Phoenix's statements were false, so she must replead in compliance with Federal Rule of Civil Procedure 9(b). Two of Paredes's claims — breach of fiduciary duty and violation of California's Consumer Legal Remedies Act — are further flawed, requiring dismissal with prejudice.

### BACKGROUND

Ashley Paredes is a young woman hoping to become a certified psychologist. To do so, she must complete a college degree and pass a licensing test. Paredes attended a college sometime prior to 2012, but she found out the units she was earning there were untransferable. She therefore decided to

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-02554-SVW-SPx | Date | March 23, 2015 |
|---|---|---|---|
| Title | *Ashley Paredes v. The University of Phoenix, et al.* | | |

look for a new school — where her units could count toward her future goal — during the summer of 2012.

      On July 17, 2012, Paredes met with an admissions representative named Terry Eubanks from the University of Phoenix, a for-profit institution operated by the Apollo Education Group. The two chatted for about thirty minutes. Paredes, conscientious of her last stint as a college student, told the counselor that she harbored concern about the transferability of her credits because she intended to obtain a bachelors or masters degree at another institution and wanted to become a licensed psychologist. Eubanks allayed her apprehension: the university offered the transferable credit Paredes needed, and she could expect gainful employment upon graduation. Eubanks, however, remained silent as to the scope of federal loans Paredes would need, the loans' interest, and the number of University of Phoenix students that default on their educational loans.

      Paredes was evidently sold, for Eubanks then helped her complete enrollment and student-loan applications. Paredes then spent nine months at the University of Phoenix before learning the units she earned would not further her goals — they could neither be transferred to another university nor credited toward the licensing exam's prerequisites. The University of Phoenix refused to refund Paredes' tuition, however, so she sued on behalf of a putative class.

### LEGAL STANDARD

      A motion to dismiss tests the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In general, a plaintiff need only allege "a short and plain statement of the claim." Fed. R. Civ. P. 8(a). A plaintiff advancing claims sounding in fraud, however, must meet a higher standard: such allegations must be pled "with particularity." Fed. R. Civ. P. 9(b). At a minimum, this requires the complaint to identify "the who, what, when, where, and how" of the alleged fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)); *see also In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc) ("The plaintiff must set forth what is false or misleading about a statement, and why it is false."). With these pleading benchmarks in mind, a court then must determine whether the complaint contains sufficient factual matter, accepted as true and construed in favor of the plaintiff, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### DISCUSSION

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-02554-SVW-SPx | Date | March 23, 2015 |
|---|---|---|---|
| Title | *Ashley Paredes v. The University of Phoenix, et al.* | | |

   As a whole, the complaint fails to satisfy Federal Rule of Civil Procedure 9(b). In addition, Paredes's claims for breach of fiduciary duty and violation of the Consumer Legal Remedies Act (to the extent the latter claim seeks damages) are untenable as a matter of law. The Court therefore dismisses these claims with prejudice, allowing Paredes to amend her remaining claims in compliance with Rule 9(b).

**I. Federal Rule of Civil Procedure 9(b)**

   All of the Paredes's claims sound in fraud, so all her claims must satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-27 (9th Cir. 2009). The complaint comes close to meeting this standard. But although Paredes can generally allege that the University of Phoenix knew Eubanks's statements were false, she cannot generally allege how she came to know they were false. *See* Fed. R. Civ. P. 9(b); *Am. Gen. Life Ins. Co. v. Kleiner*, No. CIVA 107-CV-0554-RLV, 2007 WL 4373977, at *2 (N.D. Ga. Dec. 11, 2007). Since Paredes only makes a conclusory allegation that she learned of the falsity at some point during her first year at the University of Phoenix, the complaint does not meet Rule 9(b)'s high bar.

   The complaint describes most of the circumstances with particularity. It outlines the who (Eubanks), the what (misrepresentations about unit transferability, licensing exam credit, job availability, and student loans), the when (July 17, 2012), and the where (at the university's Ontario campus). The allegations in these regards suffice.

   In contrast to this specificity, however, Paredes's allegations of falsity are conclusory. The complaint only says she "learn[ed]" that her units could not transfer after about nine months as a student. But how? And from whom or what? That is, Paredes's complaint must explain why Eubank's statements were false, *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1549, and the factual basis for that explanation. *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993); *Herremans v. BMW of N. Am., LLC*, No. CV 14-02363 MMM PJWX, 2014 WL 5017843, at *16 n.79 (C.D. Cal. Oct. 3, 2014). Paredes provided some detail at oral argument, but Rule 9(b) requires a pleader to answer these questions in his or her complaint. *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999); *Am. Gen. Life Ins. Co.*, 2007 WL 4373977, at *2.[1]

---

[1] Although this rule is relaxed if the information is within the defendant's sole possession, *e.g.*, *Apodaca v. Whirlpool Corp.*, No. SACV 13-00725 JVS, 2013 WL 6477821, at *4 (C.D. Cal. Nov. 8, 2013), there is no indication that it is here.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-02554-SVW-SPx | Date | March 23, 2015 |
|---|---|---|---|
| Title | *Ashley Paredes v. The University of Phoenix, et al.* | | |

Because the complaint fails to satisfy Rule 9(b), it must be dismissed. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105-08 (9th Cir. 2003); *TransFresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009, 1017 (N.D. Cal. 2012). Paredes's remarks at oral argument indicate she can cure the deficiency, however, so the dismissal is without prejudice. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

**II.     Incognizable Legal Theories**

Although the entire complaint must be dismissed without prejudice under Rule 9(b), leave to amend should not be granted if such efforts would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). Two claims cannot be cured. The Court therefore dismisses them with prejudice.

**A.     Fiduciary Duty Claim**

The existence of a fiduciary relationship is an essential element to a breach of fiduciary duty claim. *Charnay v. Cobert*, 145 Cal. App. 4th 170, 182 (Cal. Ct. App. 2006). The relationship between student and university is not, generally speaking, a fiduciary one. *Zumbrun v. Univ. of S. California*, 25 Cal. App. 3d 1, 13 (Cal. Ct. App. 1972). Nothing in this case suggests that the general rule does not apply.

Paredes claims that "unique circumstances" take her case outside the general rule. Because the University of Phoenix reaped the misgotten gains Eubanks acquired by representing herself as an authority figure, Paredes contends, a fiduciary relationship was created and breached.

Her argument fails. First, "[t]he mere placing of a trust in another person does not create a fiduciary relationship." *Zumbrum*, 25 Cal. App. 3d at 13 (citing *Ampuero v. Luce*, 68 Cal. App. 2d 811, 819 (Cal. Ct. App. 1961)). Second, "an agreement to communicate one's knowledge, exercising his special knowledge and skill in the area of learning concerned does not create a trust but only a contractual obligation." *Id.* (citing *Gonsalves v. Hodgson*, 38 Cal. 2d 91, 98-99 (Cal. 1951)). At best, that is what Paredes can allege: she placed trust in an admissions counselor that purported to be an authority figure with specialized knowledge. Since that does not create a fiduciary relationship between

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-02554-SVW-SPx | Date | March 23, 2015 |
|---|---|---|---|
| Title | *Ashley Paredes v. The University of Phoenix, et al.* | | |

student and university, the claim cannot be cured.[2]

### B.     CLRA Claim for Damages

California's Consumer Legal Remedies Act proscribes two dozen "unfair methods of competition and unfair or deceptive" business practices.  Cal. Civ. Code § 1770.  To bring a CLRA claim, however, a plaintiff must satisfy the Act's procedural prerequisties.  *See, e.g.*, *Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1088-89 (C.D. Cal. 2009).[3]  Among these requirements is Section 1782:

> Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:
>> (1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.
>> (2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770.
>
> The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California.

Cal. Civ. Code § 1782(a).  Courts routinely insist that plaintiffs adhere to the letter of the law.  *Davis*, 650 F.3d at 1088-89; *Laster v. T–Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2005); *Branner v. Leizerovich*, No. B224548, 2011 WL 5350474, at *4 (Cal. Ct. App. Nov. 8, 2011); *Outboard

---

[2]     The Court notes that this is a virtually unanimous position among courts.  *See Knelman v. Middlebury Coll.*, 898 F. Supp. 2d 697, 717 (D. Vt. 2012) *aff'd,* 570 F. App'x 66 (2d Cir. 2014); *Bass ex rel. Bass v. Miss Porter's Sch.*, 738 F. Supp. 2d 307, 330 (D. Conn. 2010); *Vuriminid v. Fuqua School of Business*, No. CIV.A 10-234, 2010 WL 3419568, at *7 (E.D. Pa. Aug. 25, 2010) *aff'd*, 435 F. App'x 129 (3d Cir. 2011); *Hendricks v. Clemson Univ.*, 353 S.C. 449, 457 (S.C. 2003); *Morris v. Brandeis Univ.*, 60 Mass. App. Ct. 1119 (Mass. App. Ct. 2004); *cf. Zahn v. Loggins*, No. B150592, 2002 WL 982424, at *5 (Cal. Ct. App. May 14, 2002); *Chevlin v. Los Angeles Cmty. Coll. Dist.*, 212 Cal. App. 3d 382, 389 (Cal. Ct. App. 1989).

[3]     The CLRA's procedural requirements are substantive under *Erie* and therefore applicable in federal court.  *See McVicar v. Goodman Global, Inc.*, 1 F. Supp. 3d 1044, 1055-56 (C.D. Cal. 2014)

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-02554-SVW-SPx | Date | March 23, 2015 |
|---|---|---|---|
| Title | *Ashley Paredes v. The University of Phoenix, et al.* | | |

*Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 40 (Cal. Ct. App. 1975)

      Here, Paredes did not allege that she sent written notice.  Moreover, her failure to allege that she did so — in either of the complaints she has filed — as well as her failure to respond to the University of Phoenix's argument on this point indicates that she cannot, in good faith, plead compliance with Section 1782.  Since amendment appears futile, the Court dismisses the CLRA claim (to the extent it seeks damages) with prejudice.

### CONCLUSION

      For the foregoing reasons, the Court dismisses Paredes's claims for breach of fiduciary duty and violation of the CLRA (to the extent she seeks damages) with prejudice and the remainder of her complaint without prejudice.[4]  Should Paredes choose to replead, she must do so no later than April 24, 2015, and her amended complaint must invoke the applicable federal statutes for venue and class actions, not their state counterparts.  *See Shady Grove Orthopedic Associates, P.A. v.Allstate Ins. Co.*, 559 U.S. 393, 397 (2010) (Federal Rule of Civil Procedure 23); *Sutain v. Shapiro & Lieberman*, 678 F.2d 115, 117 (9th Cir. 1982) (venue).

---

[4]     The Court declines to reach the defendants' other grounds for dismissal at this juncture.  Defendants may renew them in a motion to dismiss the amended complaint if they so choose.

|  | : |
|---|---|
| Initials of Preparer | PMC |